NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BRYANT,<br><br>   Petitioner,<br><br> vs.<br><br>K. ALLISON, Warden,<br><br>   Respondent. | No. C 10-02379 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY; DENYING MOTION TO SUBSTITUTE PARTY AS MOOT<br><br>(Docket Nos. 8 & 12) |

Petitioner, a California inmate proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss the petition as successive. (Docket No. 8.) Petitioner filed opposition, and Respondent filed a reply. For the reasons discussed below, the Court grants Respondent's motion to dismiss.

**BACKGROUND**

On September 28, 1981, Petitioner was arrested and charged on one count of assault, nine counts of sodomy, two counts of false imprisonment, and two counts of forced oral copulation. (Pet. at 2 & Ex. B.) After a trial by jury in San Francisco County

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\HC.10\Bryant02379_grant-mtd (succ).wpd

1  Superior Court, Petitioner was convicted and sentenced to 26 years in state prison.  (Id. at 2.)

On March 5, 2009, Petitioner filed a petition for writ of habeas corpus in the Eastern District of California, challenging the 1981 conviction.  Bryant v. Clark, No. 09-00419-LJO-SMS (E.D. Cal.).  The court granted Respondent's motion to dismiss the petition as untimely on May 26, 2010.  (Id. at Docket Nos. 19, 30.)

On March 28, 2010, Petitioner filed the instant habeas petition in this Court.

## DISCUSSION

A claim presented in a second or successive petition under 28 U.S.C. § 2254 that was presented in a prior petition must be dismissed.  See 28 U.S.C. § 2244(b)(1); Babbitt v. Woodford, 177 F.3d 744, 745-46 (9th Cir. 1999).  A new factual basis for a claim previously presented is not sufficient to prevent it from falling under this section.  See id. at 746 (ineffective assistance claim based on counsel's alcohol abuse successive of claim that counsel failed to present Post Traumatic Stress Disorder claim).  Before a second or successive petition may be filed in the district court, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).  Accordingly, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition.  See id. § 2244(b)(2).

Respondent contends that the instant petition is successive because Petitioner filed a prior habeas petition in the Eastern District, see Bryant v. Clark, No. 09-00419-LJO-SMS (E.D. Cal.), on March 5, 2009, which challenged the same underlying state conviction.[1]  (Mot. to Dismiss at 3.)  In that case, the court granted Respondent's motion

---

[1] Respondent also argues that Petitioner filed a federal habeas petition in the Northern District on October 19, 1999, see Bryant v. Fairman, No. 99-04524 (N.D. Cal.).  (Mot. to Dismiss at 3 & n. 1.)  Although the court denied Respondent's motion to dismiss the petition as untimely, the case was terminated on February 17, 2000.  (Id.)

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\HC.10\Bryant02379_grant-mtd (succ).wpd        2

1  to dismiss the petition as untimely on May 26, 2010.  (Id. at 1.)  Because Petitioner has
2  made no showing that he obtained prior leave from the Ninth Circuit to file a successive
3  petition, Respondent contends this Court has no jurisdiction to consider Petitioner's
4  renewed application for relief, and must dismiss the petition.  (Id. at 4.)

5         In opposition, Petitioner does not deny that he filed previous federal habeas
6  petitions as shown by Respondent, nor does he deny that the instant petition is successive.
7  Rather, he contends that unauthorized or illegal sentencing errors are correctable
8  whenever they are discovered.  (Opp'n at 1.)  In reply, Respondent states they will not
9  address Petitioner's merit-based argument because they are arguing that this Court lacks
10 jurisdiction.  (Reply at 1.)  Petitioner also filed a "supplemental opposition," which argues
11 that his petition is not successive because: 1) he did not raise the claims he now brings in
12 his earlier federal filing and 2) if this Court does not entertain his petition, it will "result
13 in a fundamental miscarriage of justice."  (Supplemental Opp'n at 2.)  In reply,
14 Respondent asserts that Petitioner's contention that his current petition is not successive
15 because it challenges different issues is without merit.  (Reply at 2.)  No matter what new
16 claims Petitioner raises, Respondent argues, he is not permitted to file a successive
17 petition without first obtaining leave from the Ninth Circuit Court of Appeals.  (Id.)  In
18 regards to Petitioner's second argument, Respondent contends that there is no
19 "fundamental miscarriage of justice" exception to the rule that a district court has no
20 jurisdiction to entertain a successive petition without an order from the Court of Appeals
21 authorizing it.  (Id. at 3.)

22        Section 2244 applies when the previous petition was dismissed as barred by the
23 statute of limitations, which constitutes a disposition on the merits.  McNabb v. Yates,
24 576 F.3d 1028, 1029 (9th Cir. 2009).  In addition, the instant successive petition was filed
25 after AEDPA was enacted.  Accordingly, the second and successive provisions of
26 AEDPA are applicable under United States v. Villa-Gonzalez, 208 F.3d 1160, 1163 (9th
27 Cir. 2000), such that an authorization order from the court of appeals is necessary before
28 this Court may consider the instant successive petition.  See 28 U.S.C. § 2244(b)(2).

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\HC.10\Bryant02379_grant-mtd (succ).wpd        3

Petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this Court to consider any new claims. See 28 U.S.C. § 2244(b)(3)(A). It is undisputed that Petitioner's first petition was dismissed as untimely on May 26, 2010. See *supra* at 2. Accordingly, this Court must dismiss the instant petition in its entirety.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as successive, (Docket No. 8), is GRANTED. The instant petition is DISMISSED as a successive petition pursuant to § 2244 (b)(1).

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner's motion for substitution of Respondent (Docket No. 12) is DENIED as moot.

This order terminates Docket Nos. 8 and 12.

IT IS SO ORDERED.

DATED: 7/28/11

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES E. BRYANT,

        Petitioner,

  v.

K. ALLISON, Warden,

        Respondent.
                             /

Case Number: CV10-02379 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/29/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James E. Bryant C-48302  
California Substance Abuse Treatment Facility  
P.O. Box 5242  
Corcoran, CA 93212

Dated: 7/29/11

                                        Richard W. Wieking, Clerk